Graham, Judge,
delivered the opinion of the court.
The plaintiff in this case was a first sergeant in a company of United States Disciplinary Barracks Guard, Fort Leavenworth, Kans.
The extra-duty pay for which plaintiff is here asserting a claim is for duty performed as overseer of general prisoners. He had performed this duty from the 1st of January, 1920, to the 1st of July, 1920, and had been allowed and paid extra-duty pay at the rate of 35 cents a day. The *197 claim bere is for pay from the 1st of July, 1920, to June 30, 1921, for the same service.
Two questions are involved:
First. The meaning of the proviso contained in the fourth section of the act of June 4, 1920, 41 Stat. 761, 762, which is as follows:
“All laws and parts of laws providing for extra duty pay for enlisted men are repealed, to take effect July 1, 1920: Provided, That nothing in this section shall operate to reduce the pay which any enlisted man is now receiving, during his current enlistment and while he holds his present grade, nor to change the present rate of pay of any enlisted man now on the retired list.”
Second. The effect of the act of June 5, 1920, 41 Stat. 958, 959, which is as follows:
“ Incidental expenses:
“Postage; cost of telegrams on official business received and sent by officers of the Army, including members of the Officers’ Keserve Corps, when ordered to active duty; extra pay to soldiers employed on extra duty, under the direction of the Quartermaster Corps, in the erection of barracks, quarters, and storehouses, in the construction of roads, and other constant labor for periods of not less than ten days; as additional school-teachers during the school term at post schools, and as clerks for post quartermasters at military .posts, and for overseers of general prisoners at posts designated by the War Department for the confinement of general prisoners, and for the United States Disciplinary Barracks Guard;” * * *.
As to the meaning of the act of June 4, 1920, it seems plain that its purpose was to repeal all laws and parts of laws providing for extra-duty pay for enlisted men, effective July 1, 1920. It also seems plain that unless the word “ pay ” in the pro\iso is taken to mean “ extra-duty pay,” that the proviso would seem purposeless, as the repeal did not affect anything but “ extra-duty pay ” and so could not apply to any other kind of pay so as to reduce it.
It is contended on the part of the defendant that “ extra-duty pay ” is not “ pay ” in the strict sense as generally used in the statutes, but is in the nature of an allowance and is therefore not covered by the word “ pay ” as used in the *198 proviso. However this may be, in the light of the construction just put upon the act of June 4, 1920, it is unnecessary to pass upon this.
It is also contended that the language of the proviso, “ while he holds his present grade,” has a bearing upon the question to the extent that it indicates that the pay reserved is the “ extra pay ” going to a grade, which does not embrace extra-duty pay of the character claimed in this suit, for the reason that the latter does not apply to a grade, but is pay without reference to grade. There would seem to be some force to this position, but for the fact that the construction given to the statute above precludes it, and this construction is the only construction that can be given to the statute which will account for the insertion of this proviso.
Any repeal of laws providing “ for extra-duty pay ” could not possibly, with reason, be construed to apply “ to extra pay ” which, according to grades fixed by the War Department under the act of May 18,1920, was at the time payable to enlisted men. This extra pay in the last-mentioned act was not in any sense “ extra-duty pay,” was not so denominated in the act, and was simply in the nature of a uniform and stated addition to the regular pay of an enlisted man. It was based upon his pay as an enlisted man and not upon service rendered outside of his duty as an enlisted man, for which “ extra-duty pay ” had been allowed prior to the passage of the. act of June 4,1920. The correctness of this conclusion is supported by the action of Congress in providing in the Army appropriation bill of June 5, 1920, for “ extra pay to soldiers employed on extra duty * * * and for overseers of general prisoners at posts designated by the War Department for the confinement of general prisoners, and for the United States Disciplinary Barracks Guard.”
Judgment should be rendered for the plaintiff in the sum of $127.75, and it is so ordered.
Hat, Judge; DowNey, Judge; Booth, Judge, and Campbell-, Chief Justice, concur.