Campbell, Ohief Justice,
delivered the opinion of the court:
This case was heard with that of Thayer, decided this day, ante, p. 870. The questions of law involved in the two cases are alike, and the court’s reasons for its conclusions upon these questions appear more at length in the opinion in the Thayer case, to which reference is made. It is deemed unnecessary to repeat them here. The acts providing for extra- *879 duty pay were repealed by the clause in the act of June 4, 1920, 41 Stat. 761, considered in the Thayer case. Ás a result the decision in the Marming case, 58 C. Cls. 195, is not followed. The question of repeal is not affected by the fact that the act upon which plaintiff relies was approved June 5, the day after the act of June 4 was approved. Neither of these acts was effective in the feature here involved until July 1, 1920, and the act of June 4 repeals all laws or parts of laws providing for extra-duty pay to take effect July 1, 1920. As a consequence the appropriation in the act of June 5, to which plaintiff must look, never took effect. In addition to this the facts disclose that the plaintiff was paid under the act of June 4 for the two months of July and August, 1920, $3 per month as a “ specialist sixth class.” The act provided for such a payment as extra pay to an enlisted man serving as specialist under regulations which the Secretary of War was authorized to make. By General Orders No. 36, under date of June 19, 1920, and by General Orders No. 49, the Secretary prescribed regulations affecting, among others, enlisted men of the sixth and seventh grades, designating them as privates, providing appointment as specialists and fixing the pay of specialist sixth class at $3 per month. In these General Orders No. 36 especial attention is called to the act of June 4 and to one of its results being “that extra-duty pay for enlisted men is not authorized after June 30, 1920.” Having been paid as a specialist the extra pay authorized under that designation for two months, in addition to his base pay, and from and after September 1, 1920, having been promoted to and paid as private, first class, at $45 per month, it is manifest that plaintiff can not recover under the claim he now makes, and these facts furnish additional grounds for dismissing his petition. And it is dismissed.
Hat, Judge; Downet, Judge; and Booth, Judge, concur.
GRAHAM, Judge, took no part in the decision of this case..